USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/25/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JOSH FEIERSTEIN, *individually and on behalf of all others similarly situated*
                                  Plaintiff,

                    -against-

CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ,

                                  Defendants.
------------------------------------------------------------- X

19-CV-11361 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 10, 2020, a motion for appointment as lead plaintiff and approval of selection of lead counsel was filed by three sets of Movants: (1) Clinton Atkinson, Nabil Saad, and Iuliia Mironova (collectively "Atkinson Group"); (2) Nathaniel Edge, Luis Lopez Iglesias, and Win Tang (collectively "Edge Group"); and (3) Larry Dorman, *see* Dkts. 12, 16, 20;

WHEREAS pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court is required to determine the "most adequate plaintiff" in this action by reference to which of the Movants "has the largest financial interest in the relief sought by the class," *id.* at § 78u-4(a)(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23," *id.* at § 78u-4(a)(3)(B)(iii)(I)(cc);

WHEREAS the presumption that a Movant is the most adequate plaintiff may be rebutted by evidence that the Movant "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of representing the class," *id.* at § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb);

WHEREAS on February 11, 2020, the Court issued an order directing all parties and Movants to brief any opposition to the appointment of any of the Movants as lead plaintiff, Dkt. 24;

WHEREAS on February 18, 2020, Mr. Dorman filed a notice of non-opposition to the motions by other Movants, Dkt. 25;

WHEREAS on February 18, 2020, the Edge Group withdrew its motion for appointment as lead plaintiffs, Dkt. 26;

WHEREAS the Atkinson Group consists of three individuals: Clinton Atkinson, who has the highest individual loss amount of $211,430, and a married couple, Nabil Saad and Iuliia Mironova, who have a combined loss amount of $218,138.03, Dkt. 13-3 at 2–3, 13-4 ¶¶ 3–4;

WHEREAS Atkinson resides in North Carolina, and Saad and Mironova reside in Canada, Dkt. 13-4 ¶¶ 2–4;

WHEREAS "[t]he prevailing position [in this district] is that unrelated investors may join together . . . only if such a grouping would best serve the class," *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) (internal quotation marks and citations omitted);

WHEREAS the Atkinson Group has requested that the Court appoint the Rosen Law Firm, P.A. ("Rosen"), a law firm based in New York, New York, and Glancy Prongay & Murray LLP ("Glancy"), a law firm based in Los Angeles, California, as co-lead counsel, *see* Dkt. 13 at 9–11;

WHEREAS the Atkinson Group does not explain why the selection of two law firms is necessary or in the best interests of the class, or how those two firms came to be chosen, *see id.*; and

WHEREAS the Rosen and Glancy have not set forth a plan for how they will share responsibilities, reduce inefficiencies, and minimize unnecessary costs, including travel;

IT IS HEREBY ORDERED THAT Clinton Atkinson, Nabil Saad, and Iuliaa Mironova are appointed co-lead plaintiffs because their appointment best serves the interests of the class. While the Court ordinarily would not approve the aggregation of Atkinson and Saad and Mironova, based on their lack of a pre-litigation relationship and their relative lack of sophistication as investors,[1] the Court approves the proposed grouping because Defendant Correvio Pharma Corp. is a Canadian entity whose shares are traded on a U.S. exchange—the joint appointment of Atkinson, who is based in the U.S., and Saad and Mironova, who are based in Canada, is more representative of the potential class. Their joint appointment would also safeguard against any unique defenses based on geography or nationality. Atkinson, Saad, and Mironova collectively have the highest loss amount among the Movants, and they have made a *prima facie* showing that they are typical of the proposed class, insofar as they purchased Correvio shares during the class period and were harmed by Defendant's alleged fraud. As individuals with some experience managing their own portfolios, Atkinson, Saad, and Mironova, aided by competent counsel, can also adequately represent the proposed class.[2] Because Atkinson, Saad, and Mironova collectively have the highest loss amount and have made a *prima facie* showing as to typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure, they are presumptively the most adequate plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). There being no proof in the record that the group will not fairly and adequately

---

[1] *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).

[2] This group is at the lower end of what constitutes an adequate representative. Atkinson has only 7 years of investing experience and is still in school. Dkt. 13-4 ¶ 2. Mironova has no disclosed investing experience. *Id.* ¶ 4. Only Saad has more than 10 years of experience investing for himself; he has managed his portfolio for 12 years. *Id.* ¶ 3.

protect the interests of the class or will be subject to unique defenses, the Atkinson Group's motion to be appointed lead plaintiff is GRANTED.

IT IS FURTHER ORDERED THAT the Rosen Law Firm, P.A. is approved as lead counsel because the Atkinson Group has not explained why two law firms are necessary to litigate this action, and as between a New York-based firm and a Los Angeles-based firm, the former is better situated to litigate this action without incurring unnecessary costs.  The Court further notes that no attorney from Glancy has bothered to file a notice of appearance in this matter.

IT IS FURTHER ORDERED THAT the parties must jointly propose a schedule for next steps, including the filing of an amended complaint and the briefing for any anticipated motion to dismiss.  A joint letter is due from the parties no later than **March 13, 2020**.

The Clerk of Court is respectfully directed to terminate docket entries 12, 16, and 20, and update the docket to reflect Clinton Atkinson's, Nabil Saad's, and Iuliaa Mironova's appointments as co-lead plaintiffs, and the Rosen Law Firm, P.A., as lead counsel.

**SO ORDERED.**

Date:  February 25, 2020
New York, New York

**VALERIE CAPRONI**
**United States District Judge**