USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated,

                              Plaintiff,

vs.

CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT,

                              Defendants.

Case No.: 1:19-CV-11361-VEC

Honorable Valerie E. Caproni

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Feierstein v. Correvio Pharma Corp. et al.*, Case No. 1:19-cv-11361-VEC (the "Action");

WHEREAS, (a) Lead Plaintiffs Clinton Atkinson, Nabil Saad, and Iuliia Mironova ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Correvio Pharma Corp. ("Correvio" or the "Company") and defendants Mark H.N. Corrigan, Willian Hunter, Justin A. Renz, and Sheila M. Grant (collectively, the "Individual Defendants," and, together with Correvio, the "Defendants," and, together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated September 3, 2020 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the

Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons or entities who or which purchased shares of Correvio common stock between September 5, 2018 and December 10, 2019, inclusive, and were damaged thereby (the "Settlement Class Period").  Excluded from the Settlement Class are Defendants; members of the Individual Defendants' Immediate Families; Defendants' legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; and the officers and directors of Correvio during the Settlement Class Period.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

(c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Clinton Atkinson, Nabil Saad, and Iuliia Mironova are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

5.      **Final Approval Hearing** – The Court will hold a final approval hearing (the "Final Approval Hearing") on May 14, 2021 at 2:30 p.m. in Courtroom 443 of the United States Courthouse, 40 Foley Square, New York, New York 10007, call in number 1-888-363-4749, access code 3121171, and security code 1361, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of

attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by Lead Counsel as follows:

(a)     by December 7, 2020, Correvio shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names and addresses) for the Correvio common stock during the Settlement Class Period;

(b)     not later than December 21, 2020 (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Correvio or in the records which Correvio caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the detailed Notice and the Claim Form to be posted on a

website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than January 6, 2021, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) not later than May 7, 2021, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits A 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the detailed Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other

applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased Correvio common stock during the Settlement Class Period for the benefit of another person or entity shall within seven (7) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within seven (7) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and email the Summary Notice in electronic format to each beneficial owner for whom they are nominee or custodian within seven (7) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice, if email addresses are available, or Postcard Notice to such beneficial owners.  If the Claims Administrator receives an email address, it will send a Summary Notice electronically. Nominees or custodians who elect to email the Summary Notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed.  Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.05 per name and address provided; (ii) $0.05 per email for emailing notice;

or (iii) $0.05 per postcard, plus postage at the rate used by the Claims Administrator, for mailing Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than April 20, 2021. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed

matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, by:  *In re Correvio Class Action Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Correvio Class Action Litigation*, Case No. 1:19-cv-11361-VEC"; (iii) state the number of shares of Correvio common

8

stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **<u>Appearance and Objections at Final Approval Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and

Defendants' Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than April 23, 2021, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than April 23, 2021.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| The Rosen Law Firm, P.A.<br>Laurence Rosen, Esq.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016 | Skadden, Arps, Slate, Meagher & Flom LLP<br>Jay Kasner, Esq.<br>One Manhattan West<br>New York, NY 10001 |

18. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and

10

(c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Correvio common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

11

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation. Defendants' Releasees shall not have any liability or responsibility for the preparation of any such tax returns or reports or the payment of any such taxes.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 13, 2020 (the "Term Sheet"), as provided in the Stipulation.

25. **Use of this Order** – This Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any

other plan of allocation that may be approved by the Court), the negotiations, discussions, and actions leading to the execution of the Term Sheet and the Stipulation, and any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall not be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and (c) shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective

counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than April 9, 2021; and reply papers, if any, shall be filed and served no later than May 7, 2021.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED November 20, 2020.

_____
The Honorable Valerie E. Caproni
United States District Judge