# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT,<br><br>Defendants. | Case No.: 1:19-CV-11361-VEC<br><br>Honorable Valerie E. Caproni |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING:**
**(A) MAILING OF THE POSTCARD NOTICE;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.    I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.[1]  I have over nineteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over four hundred and twenty-five (425) class action settlements since its inception.  Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated November 20, 2020 (the "Preliminary Approval Order"), SCS was retained and approved as Claims Administrator in connection with the Settlement of the above-captioned action.  I submit this Declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Settlement Class Members, as well as

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 3, 2020 (the "Stipulation").

updates concerning other aspects of the Settlement administration process. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF POSTCARD NOTICE

2.    To provide actual notice to those persons and entities who purchased Correvio Pharma Corp. ("Correvio") common stock during the period between September 5, 2018 and December 10, 2019, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

3.    SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 8 individuals and organizations identified in the transfer records that were provided to SCS by Class Counsel. These records reflect persons and entities that purchased Correvio common stock for their own account, or for the account(s) of their clients, during the Settlement Class Period. The transfer record mailing was completed on December 21, 2020.

4.    As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master mailing list consisting of 686 banks and brokerage companies, as well as 592 mutual funds, insurance companies, pension funds, and money managers. On December 10, 2020, SCS caused a letter to be mailed or e-mailed to the 1,278 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that, within 7

calendar days from the date of the letter, they either send a Postcard Notice to their customers who may be beneficial purchasers/owners, or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial owners so that SCS could promptly mail the Postcard Notice or email the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B**.

5.      Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers. To date, SCS has mailed 6,671 Postcard Notices.[2]  Additionally, a direct link from the webpage for the Notice and Claim Form was sent by email from one of the nominees to 2,828 of their clients.

6.      In total 9,507 potential Settlement Class Members were notified either by Postcard Notice or email link of Notice and Claim Form.

7.      SCS also sent the Depository Trust Company ("DTC") the Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on December 11, 2020. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  **Exhibit C** is a copy of the Notice and Claim Form.

---

[2] Out of the 9,507 Postcard Notices mailed, we received 14 requests from the potential Settlement Class Members to mail them the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release ("Claim Form") (collectively, the "Notice and Claim Form").

8.      Out of the 9,507 Postcard Notices mailed, 220 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 2, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 218 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 100 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

9.      Pursuant to the Court's Preliminary Approval Order, the Summary Notice was published once in Investor's *Business Daily* and transmitted once over *PR Newswire* on January 4, 2021, as shown in the confirmations of publication attached hereto as **Exhibit D**.

## SETTLEMENT WEBPAGE

10.      On December 9, 2020, SCS established the dedicated webpage, www.strategicclaims.net/correvio, which is accessible 24 hours a day, 7 days a week.  The webpage contains of a current status of the case, case deadlines, and important documents such as the Claim Form, Notice, Postcard Notice, Preliminary Approval Order, and Stipulation.

## TOLL-FREE HELPLINE

11.      SCS maintains a toll-free telephone number (1-866-274-4004), which was set forth in the Postcard Notice, Notice, Claim Form,  and Summary Notice.  SCS made the toll-free helpline available on December 9, 2020 for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice and Claim Form.  SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

4

## REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE

12. The Postcard Notice, Notice, Summary Notice, and Settlement Webpage all informed potential Settlement Class Members that written requests for exclusion are to be mailed or otherwise be delivered to *In re Correvio Class Action Litigation,* EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063, such that they were received no later than April 23, 2021.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received one purported request for exclusion.. The individual requesting exclusion purchased Correvio shares on December 6, 2019 and sold them on December 10, 2019, for a gain.  Because there are no recognized losses associated with these shares the individual requesting exclusion is not a Settlement Class Member pursuant to the definition of "Settlement Class" set forth in the preliminary approval order.  **Exhibit E** contains a copy of this purported request for exclusion

13. Although Settlement Class Members who wish to object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, are to file objections with the Court and serve the papers on counsel on or before April 23, 2021, SCS has checked its mail as well and, as of the date of this Declaration, has received no objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 6th day of April 2021, in Media, Pennsylvania.

_____
Josephine Bravata

EXHIBIT A

*In re Correvio Class Action Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

## *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Feierstein v. Correvio Pharma Corp., et al.*
Case No.: 1:19-cv-11361-VEC

Mail ID:
Name
Address
City State Zip

There has been a proposed Settlement of claims against Correvio Pharma Corporation ("Correvio") and certain executives and directors of Correvio (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about their SPECTRUM safety study and whether the study's data would support FDA approval of Correvio's drug Brinavess, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Correvio Securities between September 5, 2018 and December 10, 2019, inclusive, and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $1,750,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.strategicclaims.net.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Correvio Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.08 per eligible security before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.strategicclaims.net  or will be mailed to you upon request to the Claims Administrator: *In re Correvio Class Action Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; toll-free (866) 274-4004; fax: (610) 565-7985; info@strategicclaims.net.* **Claim Forms must be postmarked by April 20, 2021**. If you do not want to be legally bound by the Settlement, you must exclude yourself by April 23, 2021, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by April 23, 2021.  The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on May 14, 2021, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $60,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an amount not to exceed $1,000 per Lead Plaintiff. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004 or visit the website www.strategicclaims.net and read the detailed Notice.

EXHIBIT B

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net   FAX: (610) 565-7985

December 10, 2020

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED SHARES OF CORREVIO PHARMA CORP. ("CORREVIO") COMMON STOCK BETWEEN SEPTEMBER 5, 2018 AND DECEMBER 10, 2019, INCLUSIVE.

Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any entity in which any Defendant has a controlling interest; (iv) the officers and directors of Correvio during the Settlement Class Period; and (v) the legal representatives, heirs, successors or assigns of any such excluded party.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *In re Correvio Class Action Litigation*<br>Case No.: 1:19-CV-11361-VEC<br>Claim Filing Deadline: April 20, 2021<br>Exclusion Deadline: April 23, 2021<br>Objection Deadline: April 23, 2021<br>Settlement Hearing: May 14, 2021 | Cusip Numbers: 22026V105 |

## PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the postcards, you have seven (7) calendar days to mail them; or
4. Request a copy of the Notice in electronic format and advise us that you will email the notice to your beneficial purchasers/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of this legal matter. A copy of the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Proof of Claim Form and Release form. All important documents are available on our website at www.strategicclaims.net. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
In re Correvio Class Action Litigation

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT,<br><br>               Defendants. | Case No. 1:19-CV-11361-VEC<br><br>Honorable Valerie E. Caproni |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period between September 5, 2018 and December 10, 2019, inclusive (the "Settlement Class Period"), you purchased Correvio Securities and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Clinton Atkinson, Nabil Saad, and Iuliia Mironova ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for $1,750,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Correvio, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 77 below).**

1.   **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Correvio Pharma Corp. ("Correvio"), Mark H.N. Corrigan ("Corrigan"), William Hunter ("Hunter"), Justin A. Renz ("Renz"), and Sheila M. Grant ("Grant") (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Correvio. A more detailed description of the Action is set forth

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 3, 2020 (the "Stipulation"), which is available at www.strategicclaims.net.

[2] Defendants Corrigan, Hunter, Renz and Grant are collectively referred to herein as the "Individual Defendants."

in paragraphs 11-19 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 20 below.

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $1,750,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-13 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of Correvio Securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.08  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of Correvio Securities they purchased, when and at what prices they purchased/acquired or sold their Correvio Securities, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-13 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.      **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel,[3] which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, the Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount up to 25% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $60,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $1,000 per Lead Plaintiff.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of Correvio Securities, if the Court approves Lead Counsel's fee and expense application, is $0.02 per eligible security.

6.      **Identification of Attorney Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Laurence Rosen, Esq. of Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, New York 10016, (212) 686-1060, info@rosenlegal.com.

7.      **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

---

[3]  "Plaintiffs' Counsel" means Court-appointed Lead Counsel Rosen Law Firm, P.A., and additional Plaintiffs' counsel, Glancy Prongay & Murray LLP, which, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN APRIL 20, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN APRIL 23, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN APRIL 23, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON MAY 14, 2021 AT 2:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN APRIL 23, 2021.** | Filing a written objection and notice of intention to appear by April 23, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. Members of the Settlement Class who object may remotely participate in the hearing by calling 1-888-363-4749, access code 3121171, and security code 1361. In your written objection, you must include the phone number you will be calling from so the Court may grant you speaking privileges. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

| | |
|---|---|
| Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 4 |
| What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 4 |
| How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 5 |
| What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . | Page 6 |
| What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 6 |
| How Are Settlement Class Members Affected By The Action And The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 7 |
| How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . . . | Page 8 |
| How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 8 |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 13 |
| What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 13 |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 14 |
| What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . | Page 15 |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . . | Page 15 |

| WHY DID I GET THE POSTCARD NOTICE? |
|---|

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Correvio Securities during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.strategicclaims.net and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 68 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    This litigation stems from Correvio's resubmitted FDA application for approval of its drug, Brinavess.  During the Settlement Class Period, Defendants told investors that Correvio's resubmitted FDA application (called a new drug application ("NDA")) was supported by strong safety data from its drug study called

4

"SPECTRUM." After the FDA reviewed the NDA, it concluded that the data did not support NDA approval, and an additional safety study would need to be conducted.

12. On December 12, 2019, a class action complaint was filed in the United States District Court for the Southern District of New York (the "Court"). By Order dated February 25, 2020, Lead Plaintiffs and Lead Counsel were approved and appointed by the Court.

13. On May 1, 2020, Lead Plaintiffs filed and served their Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Correvio's safety study and misled investors about the company's prospects for FDA approval of its resubmitted NDA based on the SPECTRUM study data. The Complaint further alleged that the prices of Correvio publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14. On June 30, 2020, Defendants filed and served a motion to dismiss the Complaint.

15. Lead Plaintiffs continued their investigation into the claims asserted, but they also recognized that the motion to dismiss underscored the risks attendant to this litigation. While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action. They began to discuss the possibility of exploring whether a settlement could be reached through informal settlement discussions.

16. Over the course of the next several weeks, the Parties' discussions culminated in the Parties agreeing to settle the Action for $1,750,000.

17. Based on the investigation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

18. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 30 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

19. On November 20, 2020, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

20. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all persons and entities who or which purchased shares of Correvio stock between September 5, 2018 and December 10, 2019, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any entity in which any Defendant has a controlling interest; (iv) the officers and directors of Correvio during the Settlement Class Period; and (v) the legal representatives, heirs, successors or assigns of

any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 13 below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.strategicclaims.net or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than April 20, 2021.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| :---: |

21.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery as to their statements. For example, Defendants would (and did) assert that their statements were not materially false and misleading, and that even if the statements were, they were not made with the requisite state of mind to support the securities fraud claim alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested. Plaintiffs would have to prevail at several stages – motion to dismiss, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

22.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,750,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

23.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| :---: |

24.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all. If there were no Settlement and Lead Plaintiffs successfully proved their claims against Defendants at trial, the Court would enter a judgment against Defendants which could be in a monetary amount substantially greater than the amount provided in the Settlement and the Settlement Class could potentially recover more than the amount provided in the Settlement.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

25.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 14 below.

26.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 13 below.

27.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 29 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

29.     "Released Plaintiffs' Claims" means all causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or individual in nature, by Lead Plaintiffs or any other member of the Settlement Class, which: (i)  were asserted in any Complaint; or (ii) could have been asserted or could in the future be asserted in any forum that arise out of or relate to the allegations, transactions, facts, matter or occurrences, representations or omissions involved, set forth, or referred to in the operative Complaint and that arise from the purchase or other acquisition of Correvio securities during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.     "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

31.     "Unknown Claims" means (a) any Released Plaintiffs' Claims which Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement; and (b) any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

7

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any other Settlement Class Member, and Defendants, may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment or the Alternate Judgment, if applicable, shall have fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 33 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

33.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

34.     "Plaintiffs' Releasees" means Plaintiffs, Plaintiffs' Counsel, all other Settlement Class Members, and their respective attorneys, current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, Immediate Family Members, insurers and reinsurers.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
| --- |

35.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation, **postmarked no later than April 20, 2021**, to the Claims Administrator at the following address: *In re Correvio Class Action Litigation,* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; fax: (610) 565-7985; info@strategicclaims.net. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004. Please retain all records of your ownership of and transactions in Correvio Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

36.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.     Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid one million seven hundred and fifty thousand dollars ($1,750,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund"

8

(that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before April 20, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 29 above) against the Defendants' Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Correvio Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those Correvio Securities that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Correvio Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45.     Only Settlement Class Members, *i.e.*, persons and entities who purchased Correvio Securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are Correvio common stock.

## PROPOSED PLAN OF ALLOCATION

46.     The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between September 5, 2018 through and including December 10, 2019, which had the effect of artificially inflating the prices of Correvio common stock.

48.    In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Correvio common stock.  Alleged corrective disclosures that removed the artificial inflation from the prices of the Correvio common stock occurred between December 6, 2019 and December 10, 2019, inclusive.  Accordingly, in order to have a Recognized Loss:

(a)  Correvio common stock purchased or otherwise acquired from September 5, 2018 through and including December 5, 2019 must have been held through the close of trading on December 5, 2019, the day prior to the first corrective disclosure, and must have suffered a loss.

(b)  Correvio common stock purchased or otherwise acquired from December 6, 2019 through and including December 10, 2019, must have been held through the close of trading on December 10, 2019, and must have suffered a loss.

49.    To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss for those transactions will be zero.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS

50.    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

I)  For Correvio common shares purchased between September 5, 2018 and December 5, 2019, inclusive, the Recognized Loss shall be calculated as follows:

A.  For shares retained at the end of trading on March 10, 2020, the Recognized Loss shall be the lesser of:
   (i)  $1.81 per share; or
   (ii)  the difference between the purchase price per share and $0.38 per share[4].

B.  For shares sold on or before December 5, 2019, the Recognized Loss per share shall be $0.00.

C.  For shares sold between December 6, 2019 and December 10, 2019, inclusive, the Recognized Loss shall be the lesser of:
   (i)  $0.87 per share; or
   (ii)  the difference between the purchase price per share and sale price per share.

D.  For shares sold between December 11, 2019 and March 10, 2020, inclusive, the Recognized Loss shall be the lesser of:
   (i)  $1.81 per share: or
   (ii)  the difference between the purchase price per share and the average closing price per share as of date of sale provided in table A below.

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $0.38 per share was the mean (average) daily closing trading price of the Company's common shares during the 90-day period beginning on December 11, 2019 and ending on March 10, 2020.

II)   For Correvio common shares purchased between December 6, 2019 and December 10, 2019, inclusive, the Recognized Loss shall be calculated as follows:

    A.   For shares retained at the end of trading on March 10, 2020, the Recognized Loss shall be the lesser of:

        (i)   $0.94 per share; or

        (ii)   the difference between the purchase price per share and $0.38 per share.

    B.   For shares sold on or before December 10, 2019, the Recognized Loss per share shall be $0.00.

    C.   For shares sold between December 11, 2019 and March 10, 2020, inclusive, the Recognized Loss shall be the lesser of:

        (i)   $0.94 per share; or

        (ii)   the difference between the purchase price per share and the average closing price per share as of date of sale provided in table A below.

| Table A | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 12/11/2019 | $0.46 | $0.55 | | 1/13/2020 | $0.39 | $0.42 | | 2/11/2020 | $0.33 | $0.39 |
| 12/12/2019 | $0.39 | $0.50 | | 1/14/2020 | $0.39 | $0.42 | | 2/12/2020 | $0.32 | $0.38 |
| 12/13/2019 | $0.40 | $0.46 | | 1/15/2020 | $0.38 | $0.42 | | 2/13/2020 | $0.31 | $0.38 |
| 12/16/2019 | $0.42 | $0.45 | | 1/16/2020 | $0.38 | $0.42 | | 2/14/2020 | $0.31 | $0.38 |
| 12/17/2019 | $0.38 | $0.44 | | 1/17/2020 | $0.38 | $0.41 | | 2/18/2020 | $0.30 | $0.38 |
| 12/18/2019 | $0.37 | $0.43 | | 1/21/2020 | $0.38 | $0.41 | | 2/19/2020 | $0.28 | $0.38 |
| 12/19/2019 | $0.36 | $0.42 | | 1/22/2020 | $0.37 | $0.41 | | 2/20/2020 | $0.28 | $0.37 |
| 12/20/2019 | $0.35 | $0.42 | | 1/23/2020 | $0.37 | $0.41 | | 2/21/2020 | $0.29 | $0.38 |
| 12/23/2019 | $0.40 | $0.41 | | 1/24/2020 | $0.36 | $0.41 | | 2/24/2020 | $0.47 | $0.38 |
| 12/24/2019 | $0.44 | $0.41 | | 1/27/2020 | $0.33 | $0.41 | | 2/25/2020 | $0.36 | $0.38 |
| 12/26/2019 | $0.52 | $0.41 | | 1/28/2020 | $0.32 | $0.40 | | 2/26/2020 | $0.35 | $0.37 |
| 12/27/2019 | $0.47 | $0.42 | | 1/29/2020 | $0.34 | $0.40 | | 2/27/2020 | $0.31 | $0.38 |
| 12/30/2019 | $0.43 | $0.43 | | 1/30/2020 | $0.33 | $0.40 | | 2/28/2020 | $0.46 | $0.38 |
| 12/31/2019 | $0.41 | $0.43 | | 1/31/2020 | $0.33 | $0.40 | | 3/2/2020 | $0.43 | $0.38 |
| 1/2/2020 | $0.40 | $0.43 | | 2/3/2020 | $0.32 | $0.40 | | 3/3/2020 | $0.38 | $0.38 |
| 1/3/2020 | $0.41 | $0.42 | | 2/4/2020 | $0.32 | $0.39 | | 3/4/2020 | $0.40 | $0.38 |
| 1/6/2020 | $0.42 | $0.42 | | 2/5/2020 | $0.33 | $0.39 | | 3/5/2020 | $0.50 | $0.38 |
| 1/7/2020 | $0.41 | $0.42 | | 2/6/2020 | $0.32 | $0.39 | | 3/6/2020 | $0.46 | $0.38 |
| 1/8/2020 | $0.40 | $0.42 | | 2/7/2020 | $0.32 | $0.39 | | 3/9/2020 | $0.38 | $0.38 |
| 1/9/2020 | $0.41 | $0.42 | | 2/10/2020 | $0.32 | $0.39 | | 3/10/2020 | $0.44 | $0.38 |
| 1/10/2020 | $0.40 | $0.42 | | | | | | | | |

## ADDITIONAL PROVISIONS

51.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater.

52.   If a Settlement Class Member has more than one purchase/acquisition or sale of Correvio common shares, all purchases/acquisitions and sales of common shares shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

53.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Loss.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

54.     Purchases or acquisitions and sales of Correvio common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Correvio common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Correvio common stock for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Correvio shares unless (i) the donor or decedent purchased or otherwise acquired such Correvio shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Correvio shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

55.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Correvio common stock.  The date of a "short sale" is deemed to be the date of sale of the Correvio common stock.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Correvio common stock, the earliest Settlement Class Period purchases or acquisitions of those shares shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

56.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Correvio common stock purchased or sold through the exercise of an option, the purchase/sale date of the Correvio common stock is the exercise date of the option and the purchase/sale price of the Correvio common stock is the exercise price of the option.

57.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Correvio common stock during the Settlement Class Period, the value of the Claimant's Recognized Loss shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Correvio common stock during the Settlement Class Period, but that market loss was less than the total Recognized Loss calculated above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

58.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Correvio common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Total Holding Value.[7]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Correvio common shares during the Settlement Class Period.

59.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Correvio common stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of Correvio common stock during the Settlement Class Period, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Correvio shares sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a holding value to Correvio common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on December 10, 2019 at $0.46 per share representing the closing price of Correvio shares on December 11, 2019.  The total calculated holding values for all Correvio shares shall be the Claimant's "Total Holding Value."

12

administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

60. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

61. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net.

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?** **HOW WILL THE LAWYERS BE PAID?** |
|---|

62. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount up to 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $60,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $1,000 per Lead Plaintiff. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?** **HOW DO I EXCLUDE MYSELF?** |
|---|

63. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Correvio Class Action Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. The exclusion request must be *received* no later than April 23, 2021. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Correvio Class Action Litigation*, Case No. 1:19-cv-11361-VEC"; (c) identify and state the number of each Correvio Security (in terms of shares) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between September 5, 2018 and December 10, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be

valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

64.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

65.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

66.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

67.   **Settlement Class Members may but do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

68.   The Settlement Hearing will be held on Friday, May 14, 2021, at 2:30 p.m., before the Honorable Valerie E. Caproni at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 443, 40 Foley Square, New York, New York 10007. Settlement Class Members who wish to remotely participate or otherwise attend the Settlement Hearing may do so by calling 1-888-363-4749, access code 3121171, and security code 1361. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

69.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before April 23 2021. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before April 23, 2021**.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| United States District Court | **The Rosen Law Firm, P.A.** | **Skadden, Arps, Slate,** |
| Southern District of New York | Laurence Rosen, Esq. | **Meagher & Flom LLP** |
| Clerk of the Court | 275 Madison Avenue, 40th Floor | Jay Kasner, Esq. |
| United States Courthouse | New York, NY 10016 | One Manhattan West |
| 40 Foley Square | | New York, NY 10001 |
| New York, NY 10007 | | |

70.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each Correvio Security that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between September 5, 2018 and December 10, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

71.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

72.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before April 23, 2021**.  If you wish to be heard orally at the hearing, you must include the phone number you will be calling from in your written objection, so the Court may grant you speaking privileges.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may participate in the hearing by conference call, using the call-in information indicated in paragraph 68 above. Such persons may be heard orally at the discretion of the Court.

73.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 69 above so that the notice is *received* **on or before April 23, 2021**.

74.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

75.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

76.    If you purchased Correvio Securities between September 5, 2018 and December 10, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *In re Correvio Class Action Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; Fax: (610) 565-7985; info@strategicclaims.net.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice actually mailed, or $0.05 per name and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.strategicclaims.net, or by calling the Claims Administrator toll-free at 1-866-274-4004.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

77.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, United States Courthouse, 40 Foley Square, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net.

15

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*In re Correvio*                         and/or                    Laurence Rosen, Esq.
*Class Action Litigation*                                          ROSEN LAW FIRM, P.A.
c/o Strategic Claims Services                          275 Madison Avenue, 40th Floor
P.O. Box 230                                                New York, NY 10016
600 N. Jackson St., Suite 205                              (212) 686-1060
Media, PA 19063                                          info@rosenlegal.com
(866) 274-4004
info@strategicclaims.net

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: November 20, 2020                    By Order of the Court
                                             United States District Court
                                             Southern District of New York

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT,<br><br>      Defendants. | Case No.: 1:19-CV-11361-VEC<br><br>Honorable Valerie E. Caproni |

**PROOF OF CLAIM AND RELEASE**

Deadline for Submission:  April 20, 2021

IF YOU PURCHASED CORREVIO PHARMA CORP. ("CORREVIO" OR THE "COMPANY") COMMON STOCK BETWEEN SEPTEMBER 5, 2018 AND DECEMBER 10, 2019, INCLUSIVE, AND WERE DAMAGED THEREBY, YOU MAY BE A SETTLEMENT CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Feierstein v. Correvio Pharma Corp., et al.*, No. 1:19-cv-11361-VEC (the "Action"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    YOU MUST EMAIL OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE APRIL 20, 2021, ADDRESSED AS FOLLOWS TO THE CLAIMS ADMINISTRATOR:

*In re Correvio Class Action Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Fax: (610) 565-7985
-or-
Email: info@strategicclaims.net

If you are NOT a member of the Class (as defined in the Postcard Notice or Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award

1

of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

5.      PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

## II.      CLAIMANT IDENTIFICATION

Use Part I of this form entitled "Claimant Identification" to identify the beneficial purchaser of Correvio common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.strategicclaims.net or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE THAT YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866)-274-4004.**

## III.      CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Correvio Common Stock" to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Correvio common stock.  If you need more space or additional schedules, attach separate sheets giving all

of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of Correvio common stock between September 5, 2018 and March 10, 2020, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Correvio common stock you held at the close of trading on March 10, 2020. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Correvio common stock. The date of a "short sale" is deemed to be the date of sale of Correvio common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Correvio common stock should be attached to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

3

CORREVIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Feierstein v. Correvio Pharma Corp. et al.*
Case No. 1:19-cv-11361-VEC

**PROOF OF CLAIM AND RELEASE**

**Must Be Emailed or Postmarked No Later Than:**
**April 20, 2021**

Please Type or Print in Blue or Black Ink

**PART I:        CLAIMANT IDENTIFICATION**

| Beneficial Owner's Name (First, Middle, Last): | | |
|---|---|---|
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Last Four Digits of Social Security Number (for individuals): | OR | Last Four Digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

4

CORREVIO

**PART II:    SCHEDULE OF TRANSACTIONS IN CORREVIO COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in Part III – Claim Form, above. Do not include information regarding securities other than Correvio common stock.

| | | | | |
|---|---|---|---|---|
| **1. HOLDINGS AS OF SEPTEMBER 5, 2018** – State the total number of shares of Correvio common stock held as of the opening of trading on September 5, 2018. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
| **2. PURCHASES/ACQUISITIONS FROM SEPTEMBER 5, 2018 THROUGH DECEMBER 10, 2019** – Separately list each and every purchase/acquisition (including free receipts) of Correvio common stock from after the opening of trading on September 5, 2018 through and including the close of trading on December 10, 2019. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| **3. PURCHASES/ACQUISITIONS FROM DECEMBER 11, 2019 THROUGH MARCH 10, 2020** – State the total number of shares of Correvio common stock purchased/acquired (including free receipts) from after the opening of trading on December 11, 2019 through and including the close of trading on March 10, 2020. If none, write "zero" or "0."[1] _____ | | | | |
| **4. SALES FROM SEPTEMBER 5, 2018 THROUGH MARCH 10, 2020** – Separately list each and every sale/disposition (including free deliveries) of Correvio common stock from after the opening of trading on September 5, 2018 through and including the close of trading on March 10, 2020. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| **5. HOLDINGS AS OF MARCH 10, 2020 –** State the total number of shares of Correvio common stock held as of the close of trading on March 10, 2020. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX    ☐** | | | | |

---

[1] **Please note**: Information requested with respect to your purchases/acquisitions of Correvio common stock from after the opening of trading on December 11, 2019, through and including the close of trading on March 10, 2020, is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

5

CORREVIO

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR REJECTION OF YOUR CLAIM.**

**PART III:    RELEASE OF CLAIMS AND SIGNATURE**

**I.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement ("Stipulation") described in the Postcard Notice and the detailed Notice.[2] I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the same purchases of Correvio common stock and know of no other person having done so on my (our) behalf.

**II.    RELEASE**

1. Upon the Effective Date of the Settlement, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Plaintiffs' Claims (defined below), including Unknown Claims (defined below), each and all of the Defendants' Releasees (defined below) as provided in the Stipulation, parts of which are set forth in Paragraphs 2-5 below.

2. "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

3. "Defendants" means Correvio and the Individual Defendants: Mark H.N. Corrigan, William Hunter, Justin A. Renz, and Sheila M. Grant.

4. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or individual in nature, by Lead Plaintiffs or any other member of the Settlement Class, which: (i) were asserted in any Complaint; or (ii) could have been asserted or could in the future be asserted in any forum that arise out of or relate to the allegations, transactions, facts, occurrences, representations or omissions involved, set forth, or referred to in the operative Complaint, and that arise from the purchase of Correvio securities during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

5. "Unknown Claims" means (a) any Released Plaintiffs' Claims which Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement; and (b) any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any other Settlement Class Member, and Defendants, may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment

---

[2] All capitalized terms used in this Proof of Claim and Release that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation, which is available at www.strategicclaims.net.

or the Alternate Judgment, if applicable, shall have fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

6. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Correvio common stock between September 5, 2018 and March 10, 2020, and the number of shares of Correvio common stock held by me (us) at the close of trading on March 10, 2020.

8. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

9. I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                                                    (Month/Year)

in _____, _____.
              (City)                                                    (State/Country)

_____                    _____
(Sign your name here)                                          (Sign your name here)

_____                    _____
(Type or print your name here)                               (Type or print your name here)

_____                    _____
(Capacity of person(s) signing, *e.g.,*                  (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Exectuor          Beneficial Purchaser or Acquirer, Executor
or Administrator)                                                 or Administrator)

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED VIA EMAIL OR POSTMARKED NO LATER THAN APRIL 20, 2021, ADDRESSED AS FOLLOWS:**

*In re Correvio Class Action Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Tel.: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

In re Correvio Class Action Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:
1. Please sign and date the above release and declaration. If this Proof of Claim and Release is submitted on behalf of joint claimants, then both claimants must sign.
2. Remember to attach supporting documentation, if available.
3. DO NOT send original stock certificates.
4. Keep a copy of everything you submit for your records, including your Proof of Claim and Release form.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (866) 274-4004.
6. If you move after submitting this Proof of Claim and Release, please notify the Claims Administrator of the change in your address.

EXHIBIT D

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication: IBD Weekly
Address: 12655 Beatrice Street
City, State, Zip: Los Angeles, CA 90066
Phone #: 310.448.6700
State of: California
County of: Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __Correvio Pharma Corp.__ was printed in said publication on the following date(s):

**JANUARY 4, 2021**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __4th__ day of __January__ , __2021__ , by _____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

INVESTORS.COM                                                                 WEEK OF JANUARY 4, 2021    **B1**

# IBD 50

# INVESTOR'S BUSINESS DAILY

**SMARTSELECT® COMPOSITE RATING**

| Rank | Company | Price | EPS Rtg | Rel Str Rtg | Annual EPS %Chg | Last Qt EPS %Chg | Next Qt EPS %Chg | Last Qt Sales %Chg | ROE | Pretax mrgn | Mgt Own % |
|------|---------|-------|---------|-------------|-----------------|------------------|------------------|---------------------|-----|-------------|-----------|
| | **COMPANIES 1-15** | | | | | | | | | | |
| 1 | ▸**Etsy** — Online marketplace for artisans has big overseas growth plans. | 177.9 | 99 | 99 | 97 | +178 | +483 | +128 | +128 | 24 | 9 | 4 |
| 2 | ▸**Trade Desk** — Makes partnership to expand company's reach in Chinese ad market. | 801.0 | 99 | 96 | 96 | +29 | +69 | +26 | +32 | 35 | 29 | 2 |
| 3 | **Marinemax** — Retailer specializing in recreational boats for pleasure and fishing. | 35.03 | 96 | 99 | 93 | +11 | +213 | +32 | +29 | 18 | 6 | 5 |
| 4 | ▸**Crocs** — Blockbuster partnership with Justin Bieber boosts Q3 results. | 62.66 | 98 | 99 | 92 | +58 | +65 | +300 | +16 | 84 | 10 | 2 |
| 5 | ▸**PennyMac Financial** — Low interest rates, high housing demand driving record results. | 65.62 | 98 | 99 | 91 | +327 | +366 | +204 | +157 | 21 | 31 | 21 |
| 6 | **Logitech Intl** — Major supplier of PC and consumer electronic device peripherals. | 97.19 | 99 | 99 | 86 | +82 | +274 | +29 | +75 | 27 | 13 | 1 |
| 7 | **PayPal** — Ex-eBay unit is a giant in e-payments; owns Venmo, Honey apps. | 234.2 | 99 | 99 | 86 | +28 | +41 | +19 | +25 | 22 | 24 | 1 |
| 8 | **Monolithic Pwr Sys** — Power management chips find use in cars, gaming, notebooks, servers. | 366.2 | 99 | 97 | 88 | +27 | +56 | +19 | +54 | 25 | 30 | 3 |
| 9 | **Teradyne** — Chip testing systems firm serves auto, computing, game markets. | 119.9 | 99 | 98 | 86 | +59 | +53 | +14 | +41 | 33 | 25 | 1 |
| 10 | **Repligen** — Develops consumables for life science and biotech firms. | 191.6 | 98 | 98 | 85 | +34 | +54 | +55 | +35 | 6 | 24 | 2 |
| 11 | **Entegris** — Purity products and processes help chipmakers boost output, quality. | 96.10 | 99 | 97 | 86 | +28 | +34 | +18 | +22 | 24 | 20 | 2 |
| 12 | **Adv Micro Devices** — Chipmaker benefits from Intel delays in next-generation silicon chips. | 91.71 | 98 | 99 | 83 | +93 | +128 | +47 | +56 | 37 | 11 | 1 |
| 13 | **Cadence Design** — EDA software firm is expert in verification process automation. | 136.4 | 99 | 96 | 84 | +22 | +30 | +37 | +15 | 36 | 31 | 3 |
| 14 | **LAM Research** — Chip gear maker sees outperformance from its "disruptive innovation." | 472.3 | 98 | 96 | 84 | +39 | +78 | +42 | +47 | 48 | 26 | 1 |
| 15 | **Builders FirstSource** — Manufactures products for new residential construction in the U.S. | 40.81 | 97 | 90 | 92 | +31 | +14 | +125 | +16 | 34 | 4 | 2 |

## How To Succeed With IBD 50

The IBD 50 is a weekly computer-generated watch list of market leading growth stocks. We use earnings, sales plus other basics & price action. Don't buy a stock solely on it being in the list. Scan charts for ones near buy points, in price bases or at support areas like a 10-week moving average. See Investors.com for further research. Be sure to read an archived story & analyze your stock with IBD's Stock Checkup.

**1 Etsy** ETSY — 121 M Shares — 99 Comp. Rating — 99 EPS — RS 97 — ROE 24 — Grp74 — **$177.91**
Provides online and offline services which enable people to buy and sell handmade goods via etsy.com.
+71% Ann. EPS Growth — PE 99 — Avg. Q. Vol 3,782,400 — Debt 193%
Last Qtr EPS +483% — Prior Qtr +436% — Last Qtr Sales +128%
2 Qtrs EPS above 15% — Due 3/2
Acc/Dis B — Sup/Demand 88
*Pullback finds support at 21-day exponential avg.*

**2 Trade Desk** TTD — 41.1 M Shares — 99 Comp. Rating — 96 EPS — RS 96 — ROE 35 — Grp15 — **$801.00**
Self-service platform for ad buyers to purchase and manage data-driven digital advertising campaigns
+50% Ann. EPS Growth — PE 175 — Avg. Q. Vol 893,500 — Debt 0%
Last Qtr EPS +69% — Prior Qtr -3% — Last Qtr Sales +32%
1 Qtrs EPS above 15% — Due 2/20
Acc/Dis B — Sup/Demand 83
*Steep dive violates 10-week support: red flag.*

**3 Marinemax** HZO — 21 M Shares — 96 Comp. Rating — 99 EPS — RS 93 — ROE 18 — Grp89 — **$35.03**
Operates 59 retail stores in 16 states selling new and used recreational boats, pleasure and fishing boats.
+35% Ann. EPS Growth — PE 10 — Avg. Q. Vol 410,400 — Debt 2%
Last Qtr EPS +213% — Prior Qtr +88% — Last Qtr Sales +29%
2 Qtrs EPS above 15% — Due 1/30
Acc/Dis B — Sup/Demand 83
*Erases 18% gain from 33.90 entry; trips sell rule.*

**4 Crocs** CROX — 65.5 M Shares — 98 Comp. Rating — 99 EPS — RS 92 — ROE 84 — Grp76 — **$62.66**
Manufactures men's, women's and children's footwear made with proprietary resin material called Croslite.
+137% Ann. EPS Growth — PE 27 — Avg. Q. Vol 1,153,000 — Debt 155%
Last Qtr EPS +65% — Prior Qtr +71% — Last Qtr Sales +16%
2 Qtrs EPS above 15% — Due 2/25
Acc/Dis C+ — Sup/Demand 81
*Consolidates (finally) after long orderly advance.*

**5 PennyMac Financial** PFSI — 42 M Shares — 98 Comp. Rating — 99 EPS — RS 91 — ROE 21 — Grp130 — **$65.62**
Engaged in the production and servicing of residential mortgage loans and investment management activities.
+79% Ann. EPS Growth — PE 4 — Avg. Q. Vol 808,400 — Debt 72%
Last Qtr EPS +366% — Prior Qtr +377% — Last Qtr Sales +157%
6 Qtrs EPS above 15% — Due 2/6
Acc/Dis C-
*Undercuts 67.87 entry by 9%; trips sell rule.*

**6 Logitech Intl** LOGI — 165.8 M Shares — 99 Comp. Rating — 99 EPS — RS 86 — ROE 27 — Grp78 — **$97.19**
Swiss manufacturer of personal peripherals for computers and other digital platforms.
+24% Ann. EPS Growth — PE 20 — Avg. Q. Vol 823,000 — Debt 0%
Last Qtr EPS +274% — Prior Qtr +64% — Last Qtr Sales +75%
2 Qtrs EPS above 15% — Due 1/22
Acc/Dis A-
*Buy range above 95.81 entry runs to 100.60.*

**7 PayPal** PYPL — 1160 M Shares — 99 Comp. Rating — 99 EPS — RS 86 — ROE 22 — Grp45 — **$234.20**
Provides digital and mobile payments on behalf of consumers and merchants worldwide.
+25% Ann. EPS Growth — PE 65 — Avg. Q. Vol 9,516,100 — Debt 29%
Last Qtr EPS +41% — Prior Qtr +51% — Last Qtr Sales +25%
2 Qtrs EPS above 15% — Due 1/25
Acc/Dis B+
*Extended from 215.93 entry in cup base.*

**8 Monolithic Pwr Sys** MPWR — 43.7 M Shares — 99 Comp. Rating — 97 EPS — RS 88 — ROE 25 — Grp69 — **$366.23**
Designs analog and mixed signal ICs used in DC/DC converters, LED drivers, LCD backlight inverters
+16% Ann. EPS Growth — PE 77 — Avg. Q. Vol 515,000 — Debt 0%
Last Qtr EPS +56% — Prior Qtr +17% — Last Qtr Sales +54%
2 Qtrs EPS above 15% — Due 2/4
Acc/Dis B-
*In buy zone above 358.79 cup base entry.*

**9 Teradyne** TER — 164.4 M Shares — 99 Comp. Rating — 98 EPS — RS 86 — ROE 33 — Grp72 — **$119.89**
Makes test systems for the automotive, communications, consumer, computer/electronic game markets.
+24% Ann. EPS Growth — PE 27 — Avg. Q. Vol 1,452,100 — Debt 77%
Last Qtr EPS +53% — Prior Qtr +102% — Last Qtr Sales +35%
4 Qtrs EPS above 15% — Due 1/23
Acc/Dis B+
*Forms 3-weeks tight with 122.47 buy point.*

**10 Repligen** RGEN — 51.6 M Shares — 98 Comp. Rating — 98 EPS — RS 85 — ROE 6 — Grp102 — **$191.63**
Develops consumable bioprocessing products for life sciences companies
+31% Ann. EPS Growth — PE 143 — Avg. Q. Vol 442,300 — Debt 22%
Last Qtr EPS +54% — Prior Qtr +27% — Last Qtr Sales +35%
3 Qtrs EPS above 15% — Due 2/20
Acc/Dis B
*Extended from 160.07 entry. Testing 10-wk line.*

**11 Entegris** ENTG — 132.3 M Shares — 99 Comp. Rating — 97 EPS — RS 86 — ROE 24 — Grp72 — **$96.10**
Manufactures contamination control, microenvironment, and specialty materials used in IC fabrication.
+17% Ann. EPS Growth — PE 41 — Avg. Q. Vol 682,900 — Debt 80%
Last Qtr EPS +34% — Prior Qtr +54% — Last Qtr Sales +22%
2 Qtrs EPS above 15% — Due 2/6
Acc/Dis B+
*Above 20% profit-taking zone from 74.38 cup entry.*

**12 Adv Micro Devices** AMD — 1178.7 M Shares — 98 Comp. Rating — 99 EPS — RS 83 — ROE 37 — Grp69 — **$91.71**
Designs microprocessors, embedded media/graphics processors and chipsets for computers and consumer devices.
+108% Ann. EPS Growth — PE 84 — Avg. Q. Vol 46,302,000 — Debt 17%
Last Qtr EPS +128% — Prior Qtr +125% — Last Qtr Sales +56%
5 Qtrs EPS above 15% — Due 1/29
Acc/Dis B- — Sup/Demand 91
*Falls back into buy zone above 88.82 entry.*

**13 Cadence Design** CDNS — 270.6 M Shares — 99 Comp. Rating — 96 EPS — RS 84 — ROE 36 — Grp56 — **$136.43**
Develops electronic design automation software/related hardware for electronics companies in circuit design.
+23% Ann. EPS Growth — PE 55 — Avg. Q. Vol 1,485,500 — Debt 16%
Last Qtr EPS +30% — Prior Qtr +16% — Last Qtr Sales +15%
2 Qtrs EPS above 15% — Due 1/29
Acc/Dis B+
*Just past 5% buy zone from 127.60 flat-base entry.*

**14 LAM Research** LRCX — 142.6 M Shares — 98 Comp. Rating — 96 EPS — RS 84 — ROE 48 — Grp72 — **$472.27**
Manufactures etch and cleaning systems used in wafer fabrication equipment for the semiconductor industry.
+5% Ann. EPS Growth — PE 26 — Avg. Q. Vol 1,361,300 — Debt 96%
Last Qtr EPS +78% — Prior Qtr +32% — Last Qtr Sales +47%
2 Qtrs EPS above 15% — Due 1/22
Acc/Dis B-
*In 20%–25% profit zone from 382.06 handle entry.*

**15 Builders FirstSource** BLDR — 114.5 M Shares — 97 Comp. Rating — 90 EPS — RS 83 — ROE 34 — Grp63 — **$40.81**
Manufactures structural and related building products for residential new construction in the U.S.
+25% Ann. EPS Growth — PE 18 — Avg. Q. Vol 1,898,800 — Debt 155%
Last Qtr EPS +14% — Prior Qtr +6% — Last Qtr Sales +16%
2 Qtrs EPS above 15% — Due 2/27
Acc/Dis B — Sup/Demand 80
*Well extended past cup entry point of 24.75.*

---

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,
   Plaintiff,
vs.
CORRECTIONS CORPORATION OF AMERICA, et al.,
   Defendants.

) Civil Action No. 3:16-cv-02267
) Honorable Aleta A. Trauger

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED CORRECTIONS CORPORATION OF AMERICA/CORECIVIC, INC. SECURITIES BETWEEN FEBRUARY 27, 2012 AND AUGUST 17, 2016, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Middle District of Tennessee (referred to as the "District Court"), that you may be a member of a class action pending in the District Court.

The lawsuit captioned *Grae v. Corrections Corporation of America, et al.*, Case No. 3:16-cv-02267, has been certified by the District Court as a class action; and Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, was appointed as representative for the Class. At this time, Class Members are not required to take any action to remain in the Class. If any benefits are eventually obtained for the Class as a result of this lawsuit, eligible Class Members may be entitled to a payment.

Class Members may choose to exclude themselves from the Class. If you exclude yourself, you will not be entitled to a payment if any benefits are eventually obtained for the Class. If you do not exclude yourself, you will be bound by any judgment in this litigation, whether favorable or unfavorable. To remain a Class Member and eligible for a payment if any benefits are eventually obtained, you are not required to do anything at this time. To request exclusion, you must submit a request in writing that contains the information described in more detail in the full Notice of Pendency of Class Action that is available at www.CoreCivicSecuritiesLitigation.com or can be obtained by calling (866) 779-6819. The deadline to exclude yourself is **February 4, 2021**.

For a full description of the litigation, including identification of the Lead Plaintiff, Defendants, Class Counsel and the allegations of securities fraud, as well as related Court documents, please visit:

**www.CoreCivicSecuritiesLitigation.com**

---

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated,
   Plaintiff,
vs.
CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT,
   Defendants.

Case No.: 1:19-CV-11361-VEC
Honorable Valerie E. Caproni

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who purchased shares of Correvio Pharma Corp. ("Correvio") common stock ("Correvio Securities") during the period between September 5, 2018 and December 10, 2019, inclusive (the "Settlement Class") and were damaged thereby:**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $1,750,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on May 14, 2021, at 2:30 p.m., before the Honorable Valerie E. Caproni at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 443, 40 Foley Square, New York, New York 10007, call in number 1-888-363-4749; access code 3121171, and security code 1361, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement, dated September 3, 2020 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.strategicclaims.net. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Correvio Class Action Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; Toll-Free: (866) 274-4004; Fax: (610) 565-7985; info@strategicclaims.net.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator postmarked no later than April 20, 2021. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than April 23, 2021, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than April 23, 2021, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Correvio, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Laurence Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
info@rosenlegal.com

Requests for the Notice and Claim Form should be made to:

*In re Correvio Class Action Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Toll-Free: (866) 274-4004
info@strategicclaims.net

By Order of the Court



# ATTENTION INVESTORS!

**NEW YEAR BIGGER PROFITS**
*Financial freedom is just a click away*

New Year's SALE

SPECIAL TRIAL OFFER
**ONLY $0.99!**

**VectorVest**

## New Year's Sale Trial Offer

Try VectorVest Risk-Free for 30 Days, Only $0.99!
Yes, that's 99 cents!

**You will receive:**

- All the tools and information to make faster, smarter, better trading decisions
- A market timing system that has never failed to signal a major market turn
- Daily Market Guidance Video with hand-selected Hot Stock Picks
- Professional-grade, unbiased stock analysis with Buy, Sell and Hold ratings
- Group coaching by a VectorVest expert to get you started fast
- Premium mobile app to manage your portfolio on the go

▶ Get started now!  www.VectorVest.com/IBD


**VectorVest®**
**1-888-658-7638**

## Josephine Bravata

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Monday, January 04, 2021 9:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for The Rosen Law Firm, P.A.. ID# 2997734-1-1 |

Hello

Your press release was successfully distributed at: 04-Jan-2021 09:00:00 AM ET

Release headline: The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of Correvio Pharma Corp. common stock – CORV
Word Count: 887
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 2997734-1-1

1

View your release:* http://www.prnewswire.com/news-releases/the-rosen-law-firm-pa-announces-proposed-class-action-settlement-on-behalf-of-purchasers-of-correvio-pharma-corp-common-stock--corv-301188989.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.
< /table>

2

EXHIBIT E

## Josephine Bravata

**From:**           Claims Analyst <info@strategicclaims.net>
**Sent:**           Friday, February 26, 2021 2:21 PM
**To:**             Josephine Bravata
**Subject:**        Fwd: Claims
**Attachments:**    image0.png

**Follow Up Flag:**      Follow up
**Flag Status:**         Flagged


See below, Correvio exclusion inquiry -- I cc'd you on my response.

George

---------- Forwarded message ---------
From: **Ethan Roberts**
Date: Fri, Feb 26, 2021 at 10:37 AM
Subject: Claims
To: <info@strategicclaims.net>


                                        1


I would like to exclude myself from this case please. I have a picture of my trade if you would like to see this.


--
Claims Administrator
Strategic Claims Services
600 N. Jackson St., Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

                                        2

8:37

‹ 2019    **Etrade.pdf**    ☆    ⋯

THIS IS YOUR FORM 1099 (COPY B FOR RECIPIENT). KEEP FOR YOUR RECORDS.
This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

Page 4 of 13

E*TRADE SECURITIES LLC
PO BOX 484
JERSEY CITY, NJ 07303–0484

Account No:
Account Name:          ETHAN R ROBERTS
Recipient's TIN:

Account Executive No:

ORIGINAL:              12/31/2019

**2019 FORM 1099–B: PROCEEDS FROM BROKER AND BARTER EXCHANGE TRANSACTIONS, CONTINUED**

Covered Short–Term Gains or Losses on Gross Proceeds
Report on **Form 8949, Part I** with **Box A** checked

Box 6: Gross Proceeds    Box 5: Box Not Checked (Covered Security)    Box 12: Basis Reported to the IRS    Box 2: Type of Gain or Loss –Short–Term

The 1099–B data referenced by a Box Number is reported to the IRS. The additional information not referenced by a Box Number is not reported to the IRS, but may be helpful to complete your return.

| Description of property CUSIP (Box 1a) | Quantity Sold | Date Acquired (Box 1b) | Date Sold or Disposed (Box 1c) | Proceeds (Box 1d) | Cost or Other Basis (Box 1e) | Accrued Market Discount (Box 1f) | Wash Sale Loss Disallowed (Box 1g) | Gain/Loss Amount | Additional Inform |
|---|---|---|---|---|---|---|---|---|---|
| ASTROTECH CORPORATION COMMON STOCK CUSIP: 046484200 | 200.00000 | 11/14/2019 | 11/14/2019 | $303.97 | $348.00 | $0.00 | $0.00 | ($44.03) | |
| ATIS INDUSTRIES INC COMMON STOCK CUSIP: 049836208 | 200.00000 | 10/18/2019 | 10/18/2019 | $397.97 | $448.00 | $0.00 | $0.00 | ($50.03) | |
| BLOOM ENERGY CORPORATION CUSIP: 093712107 | 100.00000 | 09/17/2019 | 09/19/2019 | $311.64 | $365.25 | $0.00 | $0.00 | ($53.61) | SHORT SALE |
| | 300.00000 | 09/17/2019 | 09/19/2019 | $930.30 | $999.96 | $0.00 | $26.30 | ($69.66) | SHORT SALE |
| **Subtotals** | **400.00000** | | | **$1,241.94** | **$1,365.21** | **$0.00** | **$26.30** | **($123.27)** | |
| CHF SOLUTIONS INC COMMON STOCK CUSIP: 12542Q706 | 100.00000 | 11/01/2019 | 11/01/2019 | $174.98 | $170.00 | $0.00 | $0.00 | $4.98 | |
| EMTREX INC COMMON STOCK CUSIP: 15130G600 | 2.00000 | 10/23/2019 | 10/23/2019 | $4.35 | $4.16 | $0.00 | $0.00 | $0.19 | |
| | 98.00000 | 10/23/2019 | 10/23/2019 | $213.13 | $203.80 | $0.00 | $0.00 | $9.33 | |
| **Subtotals** | **100.00000** | | | **$217.48** | **$207.96** | **$0.00** | **$0.00** | **$9.52** | |
| CHANGYOU COM LIMITED CUSIP: 15911M107 | 50.00000 | 09/09/2019 | 09/11/2019 | $436.03 | $456.45 | $0.00 | $0.00 | ($20.42) | SHORT SALE |
| COMMUNITY HEALTH SYSTEM INC CUSIP: 203668108 | 10.00000 | 08/30/2019 | 09/04/2019 | $20.39 | $30.21 | $0.00 | $0.00 | ($9.82) | SHORT SALE |
| CORREVIO PHARMA CORP CUSIP: 22026V105 | 100.00000 | 12/06/2019 | 12/10/2019 | $147.98 | $144.00 | $0.00 | $0.00 | $3.98 | SHORT SALE |
| INGLOBAL CORPORATION CUSIP: 293306106 | 52.00000 | 11/08/2019 | 11/08/2019 | $68.62 | $66.56 | $0.00 | $0.00 | $2.06 | |
| | 148.00000 | 11/08/2019 | 11/08/2019 | $186.45 | $189.44 | $0.00 | $0.00 | ($2.99) | |
| **Subtotals** | **200.00000** | | | **$255.07** | **$256.00** | **$0.00** | **$0.00** | **($0.93)** | |

THIS IS YOUR FORM 1099 (COPY B FOR RECIPIENT). KEEP FOR YOUR RECORDS.
This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

Page 5 of 13

E*TRADE SECURITIES LLC
PO BOX 484
JERSEY CITY, NJ 07303–0484

Account No:
Account Name:          ETHAN R ROBERTS
Recipient's TIN:

Account Executive No:

ORIGINAL:              12/31/2019

**2019 FORM 1099–B: PROCEEDS FROM BROKER AND BARTER EXCHANGE TRANSACTIONS, CONTINUED**

Covered Short–Term Gains or Losses on Gross Proceeds
Report on **Form 8949, Part I** with **Box A** checked

Box 6: Gross Proceeds    Box 5: Box Not Checked (Covered Security)    Box 12: Basis Reported to the IRS    Box 2: Type of Gain or Loss –Short–Term

The 1099–B data referenced by a Box Number is reported to the IRS. The additional information not referenced by a Box Number is not reported to the IRS, but may be helpful to complete your return.

| Description of property CUSIP (Box 1a) | Quantity Sold | Date Acquired (Box 1b) | Date Sold or Disposed (Box 1c) | Proceeds (Box 1d) | Cost or Other Basis (Box 1e) | Accrued Market Discount (Box 1f) | Wash Sale Loss Disallowed (Box 1g) | Gain/Loss Amount | Additional Inform |
|---|---|---|---|---|---|---|---|---|---|
| AKELA TECHNOLOGIES INC COMMON STOCK CUSIP: 3016... | 200.00000 | 10/04/2019 | 10/04/2019 | $278.02 | $312.95 | $0.00 | $0.00 | ($34.93) | |
| BROCELL ... INC COMMON STOCK CUSIP: 3157... | 50.00000 | 04/15/2019 | 04/15/2019 | $159.28 | $153.47 | $0.00 | $0.00 | $5.81 | |
| | 50.00000 | 04/15/2019 | 04/15/2019 | $159.28 | $158.45 | $0.00 | $0.00 | $0.83 | |
| | 50.00000 | 04/15/2019 | 04/15/2019 | $146.53 | $153.48 | $0.00 | $6.95 | ($6.95) | |
| | 250.00000 | 04/15/2019 | 04/15/2019 | $796.42 | $757.50 | $0.00 | $0.00 | $38.92 | |
| **Subtotals** | **400.00000** | | | **$1,261.51** | **$1,222.90** | **$0.00** | **$6.95** | **$38.61** | |
| JELCELL ENERGY INC | 600.00000 | 11/06/2019 | 11/06/2019 | $334.66 | $318.00 | $0.00 | $0.00 | $16.66 | |

 

Page 5

  **Share**

## Josephine Bravata

| | |
|---|---|
| **From:** | Claims Administrator <reply@strategicclaims.net> |
| **Sent:** | Friday, February 26, 2021 2:20 PM |
| **To:** | Ethan Roberts |
| **Cc:** | Josephine Bravata |
| **Subject:** | Re: Claims |
| **Attachments:** | Correvio Notice Claim Form.pdf |

**Flag Status:**          Flagged

*Recipients:*

Good afternoon,

Please see the instructions on how to submit your exclusion request for the Correvio litigation on p. 13 of the attached Notice/Claim Form.

1

If you have any further questions, please feel free to contact our office.

Thank you.

--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

2

--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

3