UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT,<br><br>Defendants. | Case No.: 1:19-CV-11361-VEC<br><br>Honorable Valerie E. Caproni |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(1) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN
OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AWARD
OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Plaintiffs Clinton Atkinson, Nabil Saad and Iuliaa Mironova (collectively, "Lead Plaintiffs") respectfully submit this reply in further support of: (1) Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, both of which were filed with the Court on April 9, 2021 (ECF Nos. 61, 63).[1]

## I.   PRELIMINARY STATEMENT

In total, 9,516 potential Settlement Class Members were notified of the Settlement either by Postcard Notice, or email with a link to the Notice and Claim Form.  *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections ("Supplemental Bravata Declaration") at ¶2, filed concurrently herewith.  Further, on December 9, 2020, the Notice, Postcard Notice, Claim Form, and Stipulation were posted on the settlement website established by the Claims Administrator, http://www.strategicclaims.net/correvio.  *Id.* at ¶3.  Additionally, on January 4, 2021, the Summary Notice was published in *Investor's Business Daily* and disseminated electronically over the *PR Newswire*. *See* Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests For Exclusion and Objections (ECF No. 65-1) ¶9, Ex. D.  The Claims Administrator also maintains a toll-free telephone helpline, which was set forth in the Postcard Notice, Notice, Claim Form and Summary Notice. Supplemental Bravata Decl. ¶4.  The helpline was made available on December 9, 2020.  *Id.*  The Claims administrator promptly responds to each telephone inquiry.  *Id.*

---

[1] All capitalized terms that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court on September 3, 2020.  ECF No. 55-1.

**Exclusions:** In response to this extensive notice program, there has been only one purported request for exclusion. Supplemental Bravata Decl. ¶5. Because the individual requesting exclusion sold his shares for a gain, this individual has no recognized losses and is not a Settlement Class Member. *Id*. The deadline to seek exclusion from the Settlement was April 23, 2021. *Id*.

**Objections:** No objections to the Settlement or to any of its terms, to the proposed Plan of Allocation of the Net Settlement Fund, or to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses have been received by the Claims Administrator or filed with the Court. Supplemental Bravata Declaration at ¶6. The objection deadline for both motions was April 23, 2021. *Id*.

## II.    THE REACTION OF THE SETTLEMENT CLASS OVERWHELMINGLY SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND THE REQUESTED FEES AND EXPENSES

The lack of requests for exclusion and objections demonstrates the Settlement Class's positive reaction to the Settlement and provides strong support for the requested relief.

### A.  The Absence of Objections and Requests for Exclusion Strongly Supports Final Approval

It has long been held that the "lack of objections from the class . . . supports approval of the proposed settlement." *In re Franklin Natl. Bank Secs. Litig.,* No. MDL 196, CV 75-684 (JBW), 1980 U.S. Dist. LEXIS 17277, at *54 (E.D.N.Y. Jun. 25, 1980) (Weinstein, J.), *citing Girsh v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975); *see also Gross v. National Liquid Reserves, Inc*., No. 81 Civ. 1802 (MJL), 1984 U.S. Dist. LEXIS 20791, at *13 (S.D.N.Y Jan. 4, 1984) (same). Indeed, in concluding that a lack of objections and minimal requests for exclusion were "indicative of the adequacy of the settlement," Judge Wood noted that "Class members' favorable reaction to the settlement 'is perhaps ***the most significant factor*** in [the] Grinnell inquiry.'" *Woburn Ret. Sys. v.*

2

*Salix Pharms., Ltd*., No. 17 Civ. 8925 (KMW), 2017 U.S. Dist. LEXIS 132515, at *7 (S.D.N.Y. Aug. 18, 2017) (emphasis supplied) (citing *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *accord Maley v. Dale Gloval Techs. Corp.,* 186 F. Supp. 2d 358, 362-63 (S.D.N.Y. 2002).

Here, after completing a robust notice program that included notifying 9,516 potential Settlement Class Members of the Settlement by either Postcard Notice or email, disseminating the Summary Notice electronically and in print, and publishing all documents relevant to the Settlement on the Claim's Administrator's website, not a single Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation.  The absence of objections to the Settlement and Plan of Allocation supports final approval of both.  *See, e.g.*, *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Veeco Instruments Inc. Sec. Litig*., No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Moreover, the Claims Administrator has received only one purported request for exclusion. Supplemental Bravata Declaration at ¶5.  The individual requesting exclusion purchased Correvio shares on December 6, 2019 and sold them on December 10, 2019, for a gain.  *Id.*  Because there are no recognized losses associated with these shares, the individual requesting exclusion is not a Settlement Class Member pursuant to the definition of "Settlement Class" set forth in the preliminary approval order.  *Id.*  The absence of opt-outs further supports final approval.  *See, e.g., Sykes v. Mel Harris & Assocs. LLC*, No. 09 Civ. 8486 (DC), 2016 U.S. Dist. LEXIS 74566,

*37 (S.D.N.Y. May 24, 2016) (holding that the "miniscule" number of exclusions, *e.g.*, 38 out of 215,000 potential class members "supports approval of the settlement"); *In re Credit Default Swaps Antitrust Litig.*, No. 13md2476 (DLC), 2016 U.S. Dist. LEXIS 54587, *25 (S.D.N.Y. Apr. 25, 2016) (holding that 21 timely requests for exclusion out of almost 14,000 class members supported a finding that the settlement was fair); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (finding that where 16 out of 1500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.,* 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) ("[T]he absence of significant exclusion or objection … weighs strongly in favor of approval.").

### B.  The Absence of Objections Supports the Fee and Expense Request

The lack of objection also supports a finding that Lead Counsel's request for attorneys' fees, reimbursement of litigation expenses, and awards to the Lead Plaintiffs pursuant to the PSLRA (15 U.S.C. § 78u–4(a)(4)), is fair and reasonable.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought.  As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 2010 WL 4537550, at *31 (S.D.N.Y. 2010) (granting lead plaintiffs' PSLRA requests for reimbursement of costs and expenses in the amounts of $100,000 and $5,000, respectively, where class members were provided notice and "[n]o objections to these requests have been filed.").

In sum, the universally favorable reaction of the Settlement Class is strong evidence that the Settlement is fair, reasonable and adequate, that the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and that Lead Counsel's fee and expense request is reasonable.

## III.    CONCLUSION

For all of the foregoing reasons, Lead Plaintiffs respectfully request that the Court approve the Settlement and Plan of Allocation, and grant the motion for award of attorneys' fees and reimbursement of litigation expenses.

Dated: May 7, 2021                                 Respectfully submitted,

*/s/Sara Fuks*
Sara Fuks

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
Sara Fuks
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
           pkim@rosenlegal.com
           sfuks@rosenlegal.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: kwolke@glancylaw.com

*Additional Counsel for Lead Plaintiffs and the Settlement Class*

5