

**The Rosen Law Firm**
**I N V E S T O R   C O U N S E L**

Sara Fuks, Esq.
sfuks@rosenlegal.com

<u>VIA ECF</u>

May 19, 2021

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, New York 10007

**Re**: *Feierstein v. Correvio Pharma Corp. et al.*, **1:19-cv-11361-VEC**

Dear Judge Caproni:

Pursuant to the Court's May 14, 2021 Order at ECF No. 69, Lead Counsel respectfully submits the following information.

**1. Explanation for the $2,520.83 in expenses for "press releases/notice to class members."**

This amount is attributable solely to expenses for press releases that Lead Counsel issued prior to the Court's lead plaintiff appointment order lead alerting shareholders of the filing of a securities class action and reminding investors of the deadline to seek appointment as lead plaintiff. The $2,520.83 represents expenses for 10 press releases all issued prior to the end of February 2020. Accordingly, the entry in the table setting forth Lead Counsel's expenses should have read "Press Releases" only, as these expenses are not associated with notice to class members.

**2. Explanation of Plan of Allocation**

The Plan of Allocation provides that "Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between September 5, 2018 through and including December 10, 2019, which had the effect of artificially inflating the prices of Correvio common stock." *See* Plan of Allocation ("POA") (ECF No. 65-1 Exh. C. at pages 9-11, ¶47).

The Plan of Allocation set forth in the Notice calculates Recognized Losses based on the stock price declines associated with the two alleged corrective disclosures in Plaintiffs' Amended Complaint. The first alleged corrective disclosure occurred on December 6, 2019. (*See* Amended Complaint ECF No. 40 ¶25). An event study conducted by Plaintiffs' financial expert determined

1

that the residual price decline in response to that news, *i.e.*, the price decline isolated from general market forces, was $0.87 per share. The second corrective disclosure took place on December 10, 2019, just before the close of trading.  (ECF No. 40 ¶26).  Plaintiffs' expert determined that the residual price decline associated with that disclosure was $0.94 per share on December 11, 2019. (*Id.*)

The Plan of Allocation calculates Recognized Losses taking into account these two alleged corrective disclosures.  Generally speaking, the POA allocates losses depending on when potential Settlement Class Members bought and sold their stock in relation to the two corrective disclosures alleged.  In addition, as stated in the Plan of Allocation, under the PSLRA damages cannot exceed the difference between the stock's purchase price and the stock's mean trading price during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  Here, December 10, 2019 is the date of the final corrective disclosure.  90 days thereafter is March 10, 2020 (the "Lookback Date").  The average daily closing trading price of Correvio shares during the 90-day period from the end of the Class Period to the Lookback Date (the "Lookback Period") was $0.38 per share (the "Lookback Price"). (POA fn. 4).

The detailed Recognized Loss calculations set forth in the Plan of Allocation are further explained below.

Correvio common shares purchased between September 5, 2018 and December 5, 2019, inclusive (i.e. shares purchased prior both of the alleged corrective disclosures) and still held at the end of trading on March 10, 2020 are entitled to recover the lesser of the trading losses for both alleged corrective disclosures ($0.87 per share plus $0.94 per share, or $1.81 per share) or the difference between the purchase price per share and the Lookback Price. (POA ¶50 I.A.)

Correvio common shares purchased prior to both of the corrective disclosures but sold before the first corrective disclosure recover nothing because they were sold prior to any corrective information entered the market. (POA ¶50 I.B.)

Correvio common shares purchased prior to both of the corrective disclosures and sold *after* the first corrective disclosure but *before* the second corrective disclosure are entitled to recover the lesser of the amount per share attributable to the first corrective disclosure only ($0.87) or the difference between the purchase price per share and the sale per share (POA ¶50 I.C.).

Correvio common shares purchased prior to both of the corrective disclosures that were retained through both corrective disclosures but sold prior to the Lookback Date are entitled to recover the lesser of Recognized Losses attributable to both corrective disclosures (i.e. $0.87 per share plus $0.94 per share, or $1.81 per share) or the difference between the purchase price per share and the average closing price per share as pf the date of sale provided in Table A in the Plan of Allocation. (POA ¶50 I.D.). Table A sets for the average closing prices of Correvio shares during the Lookback Period. (POA page 11).

Correvio common shares purchased between December 6, 2019 and December 10, 2019 (i.e. shares that were purchased after the first corrective disclosure but before the second corrective

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 - 1060 ♦ FAX: (212) 202 - 3827

disclosure) are entitled to recover Recognized Losses based on the second corrective disclosure only ($0.94 per share). (POA II).

Accordingly, Correvio common shares that were purchased after the first corrective disclosure but before the second corrective disclosure and retained at the end of trading on the Lookback Date are entitled to recover the lesser of the stock price decline attributable to the second corrective disclosure ($0.94 per share) or the difference between the purchase price per share and the Lookback Price. (POA ¶50 II.A).

Correvio common shares that were purchased after the first corrective disclosure but were sold before the second corrective disclosure recover nothing because they were sold prior to the corrective information entering the market.  (POA ¶50 II.B).

Correvio common shares that were purchased after the first corrective disclosure but before the second corrective disclosure and were sold after the second corrective disclosure but before the Lookback Date are entitled to recover the lesser of the stock price decline attributable to the second corrective disclosure ($0.94 per share) or the difference between the purchase price and the average closing price per share as provided in Table A in the Plan of Allocation. (POA ¶50 II.C. (i) and (ii) Table A sets for the average closing prices of Correvio shares during the Lookback Period. (POA page 11).

***

Lead Counsel remain available to answer any further questions the Court may have.  As discussed during the May 14 hearing, a Proposed Order Approving Plan of Allocation is submitted herewith.

Respectfully submitted,

/s/ Sara E. Fuks
Sara E. Fuks

3