USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JOSH FEIERSTEIN, *individually and on behalf of all others similarly situated*

                           Plaintiff,

-against-

CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ,

                           Defendants.
------------------------------------------------------------- X

19-CV-11361 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 14, 2021, the parties appeared for a Fairness Hearing in this matter;

WHEREAS notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort;

WHEREAS the form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto;

WHEREAS Lead Counsel, the Rosen Law Firm, requested $437,500 in fees, an amount constituting 25% of the Settlement Fund, and argued that the reasonableness of the requested fee is confirmed by a lodestar cross-check, Fees Mem. of Law, Dkt. 64 at 1, 9–11;

WHEREAS the Court appointed the Rosen Law Firm as Lead Counsel, specifically declining to appoint Glancy Prongay & Murray LLP ("Glancy"), a law firm based in Los

Angeles, California, as co-Lead counsel, because the Plaintiffs had not explained why two firms were necessary to litigate this case and because the firms had not included in their application to be appointed as Co-Lead Counsel any plan for sharing responsibilities, reducing inefficiencies, and minimizing unnecessary costs, Order, Dkt. 29;

WHEREAS notwithstanding the Court's decision not to appoint Glancy as co-Lead Counsel, the Rosen Law Firm, without seeking reconsideration of that Order and without informing the Court that it intended to do so, used Glancy as its co-counsel in this case;

WHEREAS the motion for attorneys' fees adds the hours purportedly worked by attorneys at the Rosen Law Firm to the hours purportedly worked by attorneys at the Glancy firm to generate the lodestar, Fuks Decl., Dkt. 65 ¶ 74;

WHEREAS although the Rosen Law Firm asserted, ipse dixit, that it "ensured no work was duplicated" between the two firms, *see* Fuks Decl., Dkt. 65 at 7 n.5; Fees Mem. of Law at 3 n.4, the Court is skeptical inasmuch as the cumulative number of hours billed by the two firms far exceeds the number of hours the Court would have expected to be expended by experienced securities litigators on this matter, given the early stage at which it settled; and

WHEREAS the Court views the Rosen Law Firm's decision to unilaterally disregard the Court's Order and direct attorneys of the Glancy firm to perform work on this matter to be highly inappropriate;[1]

IT IS HEREBY ORDERED that Lead Counsel is awarded $243,902.40 in attorneys' fees to be paid from the Settlement Fund. For the reasons stated at the hearing, the Court uses

---

[1] The Court considered denying Plaintiffs' motion for class certification made as part of its motion for final approval of the settlement agreement. *See In re Allergan PLC Sec. Litig.*, No. 18-CV-12089, 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020) (denying a motion for class certification because similar unilateral action by Lead Counsel demonstrated that it was an inadequate representative of the class). Given that the parties in this matter had reached a reasonable settlement, the Court declined to deny the motion on this basis. As the Rosen Law Firm, and not the settlement class, is responsible for the inappropriate conduct, the Court determined that this issue was better addressed in the context of Lead Counsel's motion for attorneys' fees.

2

$174,216.80 as the lodestar figure (*i.e.*, only hours worked by attorneys at the Rosen Law Firm; a sum of hours which, on its own, the Court finds to be a reasonable number of hours to have been expended on this case, given that it settled before Plaintiffs responded to the Motion to Dismiss and without any formal discovery) and 1.4 as the lodestar multiplier (*i.e.*, slightly below the multiplier that the Rosen Law Firm asserted was a fair multiplier). An award of $243,902.40 amounts to 13% of the $1.75 million Settlement Fund. The Court finds that this award is fair and reasonable.

IT IS FURTHER ORDERED that Lead Counsel is awarded $50,602.43 in reimbursement for litigation expenses to be paid from the Settlement Fund. The Court finds that this award is fair and reasonable.

IT IS FURTHER ORDERED that, for the reasons stated at the hearing, Lead Plaintiff Clinton Atkinson is awarded $500.00, Lead Plaintiff Nabil Saad is awarded $500.00, and Lead Plaintiff Iuliia Mironova is awarded $500.00, to be paid from the Settlement Fund as reimbursement for their work related to their representation of the Settlement Class.

IT IS FURTHER ORDERED that this Order incorporates by reference the definitions in the Stipulation of Settlement dated September 3, 2020 (ECF No. 55-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

IT IS FURTHER ORDERED that in the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

IT IS FURTHER ORDERED that, for the next five years, any application to the undersigned by the Rosen Law Firm to serve as Lead Counsel or as Co-Lead Counsel in a case governed by the Private Securities Litigation Reform Act must include a certification by the Rosen Law Firm that it will not direct legal work on behalf of the putative class to any law firm

that has not been appointed as co-Lead Counsel by the Court without specifically seeking court permission to do so.

The Clerk of Court is respectfully directed to close the open motion at docket entry 63.

**SO ORDERED.**

**Date: May 19, 2021**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**