`

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSH FEIERSTEIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CORREVIO PHARMA CORP., MARK H.N. CORRIGAN, WILLIAM HUNTER, JUSTIN A. RENZ, and SHEILA M. GRANT, <br><br> Defendants. | Case No.: 1:19-CV-11361-VEC <br><br> Honorable Valerie E. Caproni <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRUBUTION OF CLASS ACTION SETTLEMENT FUNDS** |

Lead Plaintiffs Clinton Atkinson, Nabil Saad and Iuliaa Mironova ("Plaintiffs") respectfully submit this Memorandum of Law in Support of their Motion for Distribution of Class Action Settlement Funds.[1]

## I.   INTRODUCTION

On January 24, 2019 the Court entered the Revised Final Order and Judgment.  (Dkt. No. 207).

Class Counsel has been advised by the court-appointed Class Action Claims Administrator, Strategic Claims Services, Inc. ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement (the "Stipulation"), filed with the Court on September 3, 2020 (Dkt. 55-1).

Process (the "Bravata Declaration") ¶¶3-9.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at p. 23. Thus, Class Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order (Dkt. No. 60) all claims were to be submitted to the Claims Administrator postmarked no later than April 20, 2021. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶7.

SCS identified 87 inadequately documented claims. Bravata Declaration ¶7(b). When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the nature of their inadequacy and providing them an opportunity to cure. *Id.* Of the 87 claims initially identified as deficient, 14 have been successfully rectified and are now considered valid. *Id.* Each of the remaining 73 deficient claimants either did not respond to the deficiency notice or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their rejection. *Id.* To date, none of these 73 rejected claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 450 claims that it has recommended for complete rejection. Bravata Declaration ¶7(c). Such claimants were sent rejection notices advising them of SCS's determination. *Id*. To date, none of these 450 ineligible claimants has objected to or contested SCS's determination. *Id.*

### B. Properly Documented Claims

SCS identified 246 properly documented valid claims that were received on or before June 30, 2021. Bravata Declaration ¶7(a). These valid claims represent total Recognized Losses of $11,230,001.61. *Id.* Of these valid claims, 8 were filed late.

The Court should accept all late but otherwise valid claims postmarked after April 20, 2021 but received by SCS on or before June 30, 2021, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 246 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

## II. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation, "[t]he Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denting Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court." *See* Stipulation at ¶18.

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead

2

Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. *Stipulation* Exh. A.1 (Notice) ¶59. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. *Id.* At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel. *Id.*

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers and approve and enter the [Proposed] Order concerning distribution of the Net Settlement Fund.

Dated: November 11, 2021

Respectfully submitted,

*/s/ Sara Fuks*
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Sara Fuks

3

275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: sfuks@rosenlegal.com

*Lead Counsel for Lead Plaintiffs and the Class*

4